ROBERT MORGAN, ATTORNEY GENERAL v. VIRGINIA ELECTRIC AND POWER COMPANY AND STATE OF NORTH CAROLINA, EX REL, UTILITIES COMMISSION

No. 7410UC509

(Filed 3 July 1974)

Utilities Commission § 9— interim rate increase — appeal dismissed
     Order of the Utilities Commission allowing a power company to increase its rates by putting into effect a fossil fuel adjustment clause was interim in nature and not a final disposition of the case which was subject to appeal, since permission to implement the clause was made only on an interim basis until a full hearing could be held.

APPEAL by Robert Morgan, Attorney General of North Carolina, from orders of the North Carolina Utilities Commission dated 8 February 1974 and 12 March 1974.

Virginia Electric and Power Company (hereinafter referred to as Vepco) filed an application with the Utilities Commission on 29 January 1974, requesting permission to adjust and increase its electric rates and charges by putting into effect a fossil fuel adjustment clause (hereinafter referred to as a fuel clause).

On 8 February 1974 the Utilities Commission issued findings of fact, conclusions of law and an order, allowing Vepco to put the fuel clause into effect on and after February 9, de-

---

Morgan, Atty. General v. Power Co.

---

claring Vepco's application to be a general rate case, and scheduling a hearing on the application for 10 September 1974.

The Attorney General, on behalf of the using and consuming public, moved to postpone the effective date of the Commission's order pending judicial review. In the alternative, the Attorney General moved that Vepco be required to refund, with interest, any sums collected under the fuel clause in the event that the Commission, at its September hearing, found the clause to be unjustified. On 12 March 1974 the Commission denied the motion to postpone the effective date of the order, but granted the motion to provide for refund. The Attorney General appealed to this Court.

*Attorney General Robert Morgan, by Assistant Attorney General I. Beverly Lake, Jr., and Associate Attorney Jerry J. Rutledge, for plaintiff appellant.*

*Robert C. Howison, Jr., and Hunton, Williams, Gay & Gibson, by Evans B. Brasfield, Guy T. Tripp III, and Allen C. Barringer, for defendant appellee Virginia Electric and Power Company.*

*Commission Attorney Edward B. Hipp, Assistant Commission Attorney Maurice W. Horne, and Associate Commission Attorney E. Gregory Stott, for defendant appellee North Carolina Utilities Commission.*

BALEY, Judge.

Vepco and the Utilities Commission have filed motions to dismiss this appeal. They contend that the Commission's orders are interlocutory in nature and make no final decision which is subject to appeal.

The Commission's orders of February 8 and March 12 clearly indicate that Vepco was granted permission to implement its fuel clause only on an interim basis. A final determination as to whether this clause is appropriate will be made at the hearing on 10 September 1974. In its conclusions of law issued on February 8, the Commission stated (emphasis added):

"[T]he Application for the addition of a fuel clause to the Company's tariffs should be set for public hearing on full evidence and testimony in accordance with the rules of procedure of the Commission for rate cases as hereinafter provided.

"The current disturbances in the coal market, resulting in large part from the energy crisis, the increasing prices of all forms of energy and VEPCO's present financial condition lead this Commission to the conclusion that VEPCO has shown good cause in writing to justify the allowance of the requested fossil fuel cost adjustment clause *pending full investigation and final decision in this docket.* . . . [T]he Commission is of the opinion that the fossil fuel clause should be allowed to become effective subject to the final disposition of this docket."

The Commission's order provides:

"1. That the Application of Virginia Electric and Power Company for authority to adjust its North Carolina retail electric rates and charges by the addition of a fossil fuel cost adjustment clause to its tariffs, be, and the same is, hereby set for investigation and hearing, and VEPCO shall have the burden of proof to show that the proposed change in rates and charges is just and reasonable as required by G.S. 62-75.

. . . .

"3. That the Hearing on the Application be set for two consecutive weeks, beginning on September 10, 1974 at 10:00 o'clock a.m. The matter will be heard in the Commission Hearing Room, Ruffin Building, One West Morgan Street, Raleigh, North Carolina."

Under G.S. 7A-29 only final orders of the Utilities Commission are appealable. Since we find the order in this case to be interim in nature and not a final disposition of the Vepco application, the motions of the Commission and Vepco to dismiss this appeal are granted.

Appeal dismissed.

Judges MORRIS and HEDRICK concur.